**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HANS CHRISTIAN ANDERSEN,

      Plaintiff,

v.                                          Case No. 8:10-CV-2080-T-30TBM

ZEPHYRHILLS CORRECTIONAL
INSTITUTION, et al.,

      Defendants.

                                              /

## ORDER

Andersen, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on September 17, 2010, in which he appears to request the Court order Defendants to contact his aunt in order to have her listed as his emergency contact.  Petitioner has not paid the filing fee.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.) (upholding this Court's "three strikes" dismissal of one of Plaintiff's previous actions), *cert. dismissed*, 524 U.S. 978 (1998). Section 1915(g) specifically applies to both civil actions and appeals. The court judicially notices some of Andersen's prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) 8:10-cv-1290-T-23EAJ (complaint dismissed for failure to state a claim upon which relief can be granted); (2) 8:10-cv-1511-T-26TGW (complaint dismissed as frivolous); (3) 8:10-cv-1513-T-26EAJ (complaint dismissed for failure to state a claim upon which relief can be granted); (4) 8:10-cv-1691-T-26AEP (complaint dismissed as frivolous).

Andersen has not alleged that he is under imminent danger of serious physical injury. Thus, he is not entitled to proceed *in forma pauperis* because he has had at least three prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Andersen may initiate a new civil rights action by filing a new civil rights complaint and paying the full $350.00 filing fee.[1]

Accordingly, the Court **ORDERS** that:

---

[1]The Court notes that in any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and
> (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). If either element is missing, the complaint fails. Petitioner's complaint fails to state a claim upon which relief may be granted because his complaint does not allege a constitutional violation.

1.      The complaint (Dkt. 1) is **DISMISSED without prejudice**[2] to the filing of a new complaint, in a new case, with a new case number, upon payment of the $350.00 filing fee.

2.      The **clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 23, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[2]*See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g).").